Richard M. Baum and Nancy E. Baum v. Commissioner.
Baum v. Commissioner
Docket No. 403-62.
United States Tax Court
T.C. Memo 1964-37; 1964 Tax Ct. Memo LEXIS 300; 23 T.C.M. (CCH) 206; T.C.M. (RIA) 64037; February 18, 1964
*300 Held, expenses incurred and paid by an insurance claims adjuster in attending night law school are deductible as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954, and Income Tax Regs., section 1.162-5(a). Richard M. Baum, pro se, 2328 Parkview Dr., Cuyahoga Falls, Ohio. Gordon B. Cutler, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1960 in the amount of $162.57. The sole issue for decision is whether expenses incurred by petitioner Richard M. Baum, an insurance claims adjuster, in attending night law school classes *301 are deductible as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954, and the regulations promulgated thereunder (Income Tax Regs., section 1.162-5(a)). Findings of Fact Some of the facts have been stipulated. The stipulation of facts and all exhibits identified therein are incorporated herein by reference. Petitioners, Richard M. and Nancy E. Baum, are husband and wife who reside in Cuyahoga Falls, Ohio. Their joint income tax return for the year 1960 was filed with the district director of internal revenue, Cleveland, Ohio. Nancy E. Baum is involved herein solely because of the filing of the joint return. Richard M. Baum, hereafter referred to as "petitioner," received a Bachelor of Arts degree upon graduation from Otterbein College in 1953. Since January 14, 1954, he has been employed as an insurance claims adjuster by The Aetna Casualty and Surety Company and Affiliated Companies (hereafter called "Aetna") in their office in Akron, Ohio. Petitioner had no experience as a claims adjuster at the time he was hired by Aetna. Aetna is a multiple line insurance company and writes *302 all types of insurance including life, group life, automobile liability, malpractice liability, general liability, premise liability, and personal accident policies. As a claims adjuster for Aetna, petitioner's duties include investigating claims on the various types of insurance policies issued by Aetna, advising Aetna of the facts regarding the claims, and submitting his recommendations of the manner in which the claims should be resolved. It is necessary for petitioner in handling claims to consider the insurance contracts, to ascertain whether or not the contracts cover the losses in question, to determine whether or not Aetna is liable in a given case, and to decide questions of valuation and damage. The claims adjusters employed by Aetna have individual authority to settle claims without further approval in amounts ranging from a maximum of $500 to a maximum of $5,000. The record herein does not show the maximum amount for which petitioner has authority to settle. Aetna, at least in the State of Ohio, does not have its own attorneys handle litigation but engages outside practitioners to do so. Petitioner is required to consult with these attorneys and to give them whatever *303 assistance he can regarding his prior investigation and handling of the case. He is also required to negotiate with attorneys for persons who are claiming damages under a policy issued by Aetna. There are three other claims adjusters in the Akron office, including petitioner's immediate supervisor. Petitioner functions as the supervisor of the Akron office when his supervisor is out of town or on vacation. Of the 4 claims adjusters in the Akron office, 2, including petitioner and his supervisor have law degrees; the other 2 have each attended at least 1 year of law school although they are not presently so attending. Of the 24 claims adjusters in Aetna's Cleveland's office, 7 have law degrees and 2 others are presently attending law school. Aetna requires its claims adjusters to have a college degree. It would prefer that its claims adjusters have law degrees. Aetna encourages its employees to undertake a legal education, since it believes that a claims adjuster with a law degree is a more effective employee. The only legal work performed by Aetna's claims adjusters in Ohio is the filling out of standard release forms and this is done by agreement with the Bar Association. Aetna *304 has never required its insurance claims adjusters to undertake a law school education as a condition to retention of their salary, job status, or employment. At least one insurance company (Nationwide Insurance Company) reimburses its claims adjusters (or other employees) in an amount up to 50 percent of the cost of law school studies (or other studies related to the work of the employee). Petitioner is paid a salary and receives fringe benefits from Aetna such as vacation, holidays, reduced-cost (to petitioner) health insurance, retirement benefits, etc., equal in value to approximately 40 percent of petitioner's annual salary. At the time petitioner began working for Aetna his salary was approximately $4,000 per year. He has received an increase in salary each year since he has been employed by Aetna and during 1960 his salary, exclusive of fringe benefits, was $6,279.25. At the time of trial his salary had increased to approximately $7,600 per year. The maximum salary for a claims adjuster employed by Aetna in a position similar to that held by petitioner is just under $10,00 per annum (plus fringe benefits). Aetna promotes its employees on the basis of effectiveness and ability. *305 A law degree is not a prerequisite to promotion by Aetna. However, since, as stated previously Aetna believes that a claims adjuster with a law degree is a more effective employee, the obtaining of a law degree by an Aetna claims adjuster would increase his chances of obtaining a promotion. In September 1959, petitioner enrolled in the College of Law of the University of Akron and commenced work toward an L.L.B. degree. Prior to this time petitioner had never enrolled in or attended a law school. In the "Application for Admission" filed with the law school on September 3, 1959, was the following question and the answer thereto given by the petitioner: 14. (a) Do you plan to adopt the legal profession and actively practice law upon being admitted to the bar? If possible. The College of Law of the University of Akron offers a 4-year program of legal education leading to a Bachelor of Laws (L.L.B.) degree. All of the courses are given in the evenings with the classes running from 6:30 to 9:30 p.m. Petitioner completed the full 4-year program and received his L.L.B. degree from the University of Akron on June 3, 1963. After graduating from law school, petitioner took a bar review *306 course and then took the Ohio bar examination. The results of this bar examination were not known at the time of trial herein. During the year 1960 petitioner incurred and paid expenses for books and tuition in the amount of $812.87 in attending night law school as aforesaid at the University of Akron. Aetna did not reimburse him for any of these expenses. Petitioners claimed such expenses as a deduction on their joint income tax return for the year 1960. Respondent, in his notice of deficiency herein, disallowed all of said claimed deduction with the following explanation: (a) In your income tax return, Form 1040W, filed for the taxable year ended December 31, 1960 you claimed as a deduction on page 2 an amount of $812.87 representing educational expenditures to Akron University-College of Law. It is held that such amount does not represent an allowable deduction under Section 162 of the Internal Revenue Code of 1954 nor under any other section of that Code. Ultimate Finding of Fact Petitioner's primary purpose in attending law school was to maintain and improve the skill required of him as a claims adjuster. At the time he attended law school, including *307 the year in question herein, he had no intention of leaving his employment with Aetna. Opinion Section 162(a) of the Internal Revenue Code of 1954 provides for the allowance as a deduction of all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." With regard to education expenses paid by an employee and claimed as business expenses under section 162(a) of the Code, Income Tax Regs., section 1.162-5(a) provides that such expenses are deductible if they are: [For] education * * * undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment * * *, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Subparagraph (2) cited above is not applicable herein; and petitioner's expenses, if they are deductible, must qualify under subparagraph (1). Petitioner contends that the facts show that the primary purpose for his undertaking a legal education *308 was to maintain and improve the skills required of him as a claims adjuster for Aetna. In this connection, paragraph (a) of section 1.162-5 of the regulations further provides that: Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. * * * In support of his allowance of the claimed expenses respondent relies on paragraph (b) of section 1.162-5 of the regulations which provides in material part as follows: (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * * In any event, if education is required of the taxpayer in order to meet the minimum requirements *309 for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. The factual issue thus presented is whether, on the one hand, petitioner undertook a legal education to qualify for an intended profession as a lawyer or to obtain a new position or substantial advancement with Aetna; or, on the other hand, pursued his course of studies at the Akron College of Law in order to maintain and improve his skills as a claims adjuster for Aetna. We have found as an ultimate fact, on the basis of a consideration and weighing of all the evidence herein, and we here hold, that his legal education was undertaken for the latter purpose. The evidence establishes that petitioner's duties as a claims adjuster involve frequent, almost constant, contact with legally-oriented problems. Petitioner is required to interpret contracts of insurance issued by his employer; he is required to analyze facts which he has gathered to determine the liability of his employer under the contracts; he is required to evaluate such liability, if it exists, in terms of damages and settlement possibilities. In *310 the course of his work petitioner is required to consult with attorneys representing both his employer and claimants seeking redress from his employer. It seems rather obvious that a legal education would enable him to maintain and improve skills required in his work. Certainly such an education is "appropriate and helpful." Cosimo A. Carlucci, 37 T.C. 695. Moreover, we believe that petitioner has shown that, at least in his area and with his employer, it is customary for claims adjusters to obtain a lega education. The evidence shows that of 4 claims adjusters employed by Aetna in Akron, 2 (including petitioner) have law degrees while the other 2 have each attended at least 1 year of law school. Of the 24 claims adjusters in Aetna's Cleveland office, 9 either have law degrees or are presently attending law school. It also appears that most of these employees obtained their legal education after starting work with Aetna. It is true that the obtaining of a law degree obviously qualifies petitioner for a new profession. However, petitioner has testified, and we are convinced, that he had no intention of leaving the employment of Aetna. He has accumulated certain retirement *311 benefits and has obtained some degree of seniority. He had no prospects for obtaining employment as an attorney at the time he began his law studies and had none at the time of trial. Petitioner has not sought employment as an attorney with any law firm or other employer. Nor can it be said that by attending law school petitioner was attempting to qualify for a new position, or a substantial advancement in position, with Aetna. Aetna retains outside practitioners to handle its litigation in Ohio, and while it is undoubtedly true that Aetna does have legal positions within the company, petitioner did not contemplate obtaining one. Finally, with regard to whether or not petitioner undertook his legal education to satisfy personal purposes, such as obtaining a higher salary or more rapid advance in promotion, we think that what was said regarding the same question in Cosimo A. Carlucci, supra, is appropriate here: Any education taken to improve one's skill would reasonably result in the expectation of some future benefit in the form of a promotion or opportunity of other positions. Here the petitioner had no assurance that the education would result in a promotion, although *312 it would enhance his chances thereof. * * * * * * The fact that such education may result in obtaining a degree, a new job, or advancement does not preclude the deduction of the cost thereof where, as we have found is true here, the education was undertaken primarily for the purpose of maintaining or improving the skill required by the employee in his employment. * * * We find, and so hold, that petitioner undertook a legal education in order to maintain and improve the skill required of him as a claims adjuster. Accordingly, the expenses incurred by him during 1960 (the amount of which is not in dispute) in pursuing this legal education constitute deductible business expenses under section 162(a) of the Code, and Income Tax Regs., section 1.162-5(a). Decision will be entered under Rule 50.