Walter T. and Peggy F. Charlton v. Commissioner.
Charlton v. Commissioner
Docket No. 504-62.
United States Tax Court
T.C. Memo 1964-59; 1964 Tax Ct. Memo LEXIS 277; 23 T.C.M. (CCH) 420; T.C.M. (RIA) 64059; March 10, 1964
Andrew P. Zimmer for the petitioners. Arnold E. Kaufman for the respondent. KERN
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' income taxes for the years 1957 and 1958 in the respective amounts of $62.57 and $150.31. The deficiencies result from respondent's disallowance of claimed deductions for educational expenses in the amounts of $284.43 and $522.76 in the years 1957 and 1958, respectively. Respondent also disallowed a claimed deduction for automobile expenses in the amount of $82.02 for the year 1958 and medical *278 expenses claimed as a deduction in 1958 were reduced in the amount of $78.43. In this proceeding petitioners allege that respondent erred in disallowing the deductions of $284.43 and $422.76 claimed as educational expenses. They concede that the disallowance of the claimed automobile expenses in 1958 was proper. The correct amount of petitioners' medical expense deduction for 1958 is dependent upon our decision on the principal issue presented herein and will be computed under Rule 50. The only issue presented for our decision is whether the amounts of $284.43 and $422.76, spent by petitioner Walter T. Charlton in the years 1957 and 1958, respectively, in connection with his attending law school, are deductible by him as business expenses. Findings of Fact Some of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein and made a part of our Findings by this reference. Walter T. Charlton, sometimes hereinafter referred to as petitioner, and Peggy F. Charlton were husband and wife during the years here in issue. They were residents of Adelphi, Maryland, and filed joint Federal income tax returns for the *279 years 1957 and 1958 with the district director of internal revenue at Baltimore, Maryland. The petitioner received a bachelor of science degree from the University of Maryland in February 1952, after completing a business administration course with a major in accounting. Petitioner's studies at the University of Maryland included a couse in business law. Petitioner began work in the summer of 1950 for his father's public accounting firm in Washington, D.C., known as Millard T. Charlton and Company, and sometimes hereinafter referred to as the firm. Petitioner became a full-time employee of the firm following his graduation from college in 1952. He became a certified public accountant in 1955 and he has been a partner in the firm since 1956. Petitioner's duties as a certified public accountant with the firm beginning in 1955 consisted of audit work, preparation of tax returns, conferences with representatives of the Internal Revenue Service on behalf of petitioner's clients, and systems work, otherwise known as management engineering. During the years here in issue petitioner devoted approximately 20 percent of his time to work on income tax returns and approximately 80 percent *280 of his time to audits and other nontax matters. In October 1955 petitioner enrolled in the George Washington University School of Law in Washington, D.C., as a candidate for the bachelor of laws degree. Petitioner undertook the study of law upon his father's advice that it would assist him in his practice of public accounting. Petitioner attended law school in the evenings continuously for a period of 5 1/2 years from October 1955 through February 1961, taking 27 different courses consisting of a total of 80 semester hours. During the years 1957 and 1958 petitioner spent $284.43 and $422.76, respectively, in connection with his attending law school. Students at the George Washington University School of Law were required to enroll for the LL.B. degree. Students were not admitted who were not candidates for degrees. Many of the courses given at the law school were prescribed courses which a student was required to include in his program. Petitioner obtained his L.L.B. degree on February 22, 1961, [1] after completing the following courses in the school years indicated: School
Semester
Year
Course
Hours
1955-56
Legal Method & Legal System
4
Personal Property
2
Criminal Law
4
Torts
4
1956-57
Contracts I
4
Domestic Relations
2
Real Property
2
Constitutional Law
4
Contracts II
2
1957-58
Civil Procedure
4
Agency
2
Commercial Transactions
4
Legal Accounting
2
Summer
Session
1958
Federal Income Taxation
4
1958-59
Commercial Paper
4
Trusts & Estates
4
Conveyances
2
Business Assoc.
4
Summer
Session
1959
Evidence
4
1959-60
Conflict of Laws
4
Trial Practice Crt.
2
Corporate Taxation
2
Restitution
2
Trial Practice Court
2
Estate Planning Seminar
2
1960-61
Fed. Est & Gift Tax
2
RG of Sec & See Mrkt
2
Legislation
2
*281 Some of the courses taken by petitioner in law school, such as legal method and legal system, criminal law, domestic relations, constitutional law, civil procedure, evidence, conflict of laws, trial practice court, and legislation were not related to the business of accounting and did not aid petitioner in his practice of accounting. All of these courses, except the courses in domestic relations and legislation, were required courses. Other courses, however, some of which were required and some of which were electives, were directly related to the business of accounting and were useful to petitioner in his employment or trade or business of being a certified public accountant. Courses such as torts, personal property, contracts, agency, commercial transactions, legal accounting, Federal income taxation, trusts and estates, conveyances, business associations, corporate taxation, restitution, estate planning seminar, Federal *282 estate and gift tax, and regulation of securities and securities markets were all related to the business affairs of petitioner's clients, which petitioner was required to record on their business records and tax returns. It was petitioner's responsibility as an auditor to reflect the nature of ownership of property on a balance sheet and all direct or contingent liabilities relating to such property. To this end his courses in property and torts were useful to petitioner in his profession of accounting. In one instance, as a result of studying labor law and agency law in law school, petitioner was able to advise his client of a possible liability because of certain deficiencies in contracts entered into by the client. The client contacted his own attorney who amended the contracts to conform to the law, and thereby a possible liability of the client was avoided. The course in sales was useful to petitioner in determining under what circumstances and at what points goods shipped by certain clients of petitioner would be includable or excludable from their inventories. Several of petitioner's clients are financial institutions, and his course in commercial transactions better equipped *283 him to deal with the problems of accounting which arose in these businesses. Although petitioner never prepared any wills or set up any trusts, the course in trusts and estates was related to his accounting work, in which he was frequently called upon to read and analyze such instruments in terms of their effect on the income tax liabilities of the persons involved as trustees, administrators, executors, or beneficiaries. Petitioner's firm conducted audits of businesses and prepared certified financial statements in connection with the registration of securities with the Securities and Exchange Commission. His course in regulations of securities and securities markets improved his skills in this work. In a written statement made under oath by petitioner to the Internal Revenue Service in connection with the issue involved herein petitioner stated that he undertook the legal education "primarily for the purpose of acquiring more knowledge in the tax field." Because of the knowledge gained in law school petitioner was better able to serve his clients by advising them of methods of minimizing their income taxes and also of increasing their employees' compensation with a minimum cost. *284 On several occasions petitioner suggested that qualified profitsharing plans would suit his clients' needs. In these instances petitioner worked with the clients' attorneys. Petitioner calculated the cost effect of various proposals made, and the attorneys took all legal steps necessary, including the drafting of instruments, to carry out the various proposals jointly decided upon by petitioner, the clients, and the clients' attorneys. The formal education requirements to become a certified public accountant vary from state to state. Petitioner took the national examination prepared by the American Institute of Certified Public Accounts three times between the years 1953 and 1955 before passing it. This national examination, which has not been substantially changed during the last 10 years, consists of four parts: Commercial law, accounting theory, auditing, and certified public accounting problems. It is not necessary to be an attorney to prepare for or pass any part of the examination. Petitioner was qualified to take the examination to become a certified public accountant by reason of his graduation from the University of Maryland. In addition, he took several correspondence *285 courses in preparation for the examination which included studies in commercial law and income taxation. Prior to undertaking the education in question, petitioner had met the minimum requirements for qualification or establishment in his intended business of being a certified public accountant. As a certified public accountant, petitioner was eligible for and obtained a Treasury card in 1955 which entitled him to represent taxpayers before the Treasury Department in tax matters. From 1955 through the time of trial herein petitioner represented taxpayers before the Treasury Department. Although petitioner was qualified to represent his clients before the Treasury Department in 1955, the courses he took in law school maintained or improved his skills in this aspect of his trade or business. Petitioner took the District of Columbia bar examination in June and September 1961. He was successful in his second attempt and he was admitted to the District of Columbia Bar on December 26, 1961. Petitioner, since that time, has been admitted to practice before the Court of General Sessions for the District of Columbia, the Court of Appeals for the District of Columbia, and this Court. Petitioner *286 took the bar examinations and sought admissions to the courts listed above because it seemed to him the appropriate thing to do. Petitioner is not a member of any bar associations, and the legend "attorney-at-law" or "law office" does not appear on the door of his office or in any directory. Petitioner did have some stationery printed up with a letterhead identifying him as an attorney. He used this stationery on one occasion to write a personal letter of complaint. The letterhead of the firm did not list petitioner in any professional capacity. Petitioner has a business card containing the firm's name and his name and a reference to the fact that he is a certified public accountant. Petitioner is listed in the telephone directory as a certified public accountant, and he is a member of the American Institute of Certified Public Accountants and the District of Columbia Institute of Certified Public Accountants. Petitioner has never sought any legal business and, for the reason that he has never practiced law, he does not consider himself to have acquired a new profession. Whenever a legal problem arises in connection with his work, the client is advised to consult with his own attorney. *287 Petitioner's legal education has enabled him as an accountant to see legal questions or implications in a given situation, and each time he advises his client to consult with his attorney petitioner better performs his job as an accountant. Petitioner has had no intention of practicing law because that was against his firm's policy, and petitioner never has had any intention of leaving his firm. During the 7 years preceding the time of trial herein petitioner's income from his profession of being a certified public accountant has increased approximately 20 percent per year. Petitioner has been satisfied with his earnings and he has never had any intention of leaving the practice of public accounting. Petitioner carried on substantially the same duties as a certified public accountant in the firm following the completion of his legal education, that is, audit work, preparation of tax returns, conferences with representatives of the Internal Revenue Service on behalf of his clients, and systems work. Although the character of the accounting work performed by petitioner and the other members of the firm has remained substantially unchanged, the work of the certified public accountant *288 has grown more complex during the last decade. Petitioner's legal education was helpful and appropriate in better enabling him to perform his duties. Petitioner is the only attorney in his firm. During the years 1957 and 1958 there were three partners and eight employees in the firm, five of whom were certified public accountants. Out of the eleven persons none were attorneys. One member of the firm, petitioner's father and senior partner, was admitted to practice before this Court. At the time of trial herein the size of the firm had grown to a total of sixteen due to an increase in the volume of business. Of these sixteen members, eight were certified public accountants and only petitioner had a law degree. The firm did not get any additional business because petitioner was an attorney. The firm had substantially the same clients at the time of trial as it did prior to the time petitioner entered law school. In addition to a growth in volume of work experienced by the firm, there has been an increase in the degree of difficulty of work brought to the firm. This increase is due in part to the growing complexity in the internal revenue laws, and in part to the expansion of accounting, *289 in the last decade, into the fields of management consultation and electronic data processing. Accountants who have passed the certified public accounting examination are in all respects qualified to practice their profession. However, many of the complex problems facing the practicing certified public accountant at the present time are inextricably tied to the law. Therefore, it is not unusual for accountants to undertake the study of law for the purpose of maintaining or improving their skills in their trade or business. In the Washington, D.C., area many certified public accounting firms, both large and small, dealing with the more complex matters of the business community have on their staffs at least one man who has a background in law. Four of the last nine presidents of the District of Columbia Institute of Certified Public Accountants had bachelor of laws degrees and were members of the bar, and three of its thirteen present officers and members of the board of governors have bachelor of laws degrees and are members of the bar. None of these men hold themselves out to be both certified public accountants and attorneys and they do not practice in both capacities. The American *290 Bar Association prohibits an attorney from holding himself out as an accountant and from practicing accounting except that an attorney may do some accounting work which is incidental to his practice of law. The American Institute of Certified Public Accountants has not publicly taken a position on this matter. Nevertheless, there are no practicing certified public accountants in the Washington, D.C., area who, in their capacities as attorneys, practice law incidental to their accounting work. The education in question was not undertaken primarily for the purpose of fulfilling petitioner's general educational aspirations, nor for the purpose of meeting the minimum requirements for qualification or establishment in petitioner's trade or business or specialty therein. Petitioner undertook the education in question primarily for the purpose of maintaining or improving skills required by him as a certified public accountant. Opinion KERN, Judge: Petitioner contends that the expenses he incurred in connection with his legal education are deductible under section 162 [2] of the Internal Revenue Code of 1954, and the regulations thereunder, section 1.162-5, as expenses *291 for education undertaken primarily for the purpose of maintaining and improving skills required by him in his profession as a certified public accountant. Respondent contends that the expenditures made by petitioner in attending law school are not deductible because the education was undertaken primarily for the purpose of fulfilling petitioner's general educational aspirations or other personal purposes, or primarily for the purpose of acquiring a new skill or a new specialty. It is respondent's position that the expenses incurred by petitioner are nondeductible personal or living expenses within the meaning of section 262 [3] of the Internal Revenue Code of 1954. Section 1.162-5, Income Tax Regs., upon which both parties rely, *292 provides in pertinent part as follows: (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, *293 as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1) of this paragraph. A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirements is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations *294 or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. Petitioner does not claim he is entitled to deduct the expenses he incurred under the provision in the regulations allowing the deduction where the education is undertaken primarily for the purpose of meeting the express requirements of his employer imposed as a condition to the retention by him of his salary, status, or employment. The evidence of record shows and we have found as a fact that petitioner was in all respects qualified to perform his duties as a certified public accountant, and petitioner's *295 continued employment with the firm was not conditioned upon his obtaining a legal education. In order to prevail in this case petitioner must show that the educational expenses in question were incurred primarily for the purpose of maintaining or improving skills required by him in his employment or other trade or business. As stated in the regulations, whether or not a taxpayer satisfies this requirement "shall be determined upon the basis of all the facts of each case." It is our conclusion that petitioner has carried his burden of proof in establishing his right to the deductions claimed. The record in the instant case shows that petitioner began working in his father's accounting firm in 1950 while still a student in college. In 1955 he became a certified public accountant after passing an examination and after completing several correspondence courses in preparation for the examination. In 1956 petitioner became a partner in the firm and he has remained with the firm through the time of trial herein. Beginning in 1955 petitioner's duties in the firm as a certified public accountant consisted of audit work, preparation of tax returns, conferences with representatives of the *296 Internal Revenue Service on behalf of his clients, and systems work. Petitioner was in all respects qualified to perform his duties as a certified public accountant prior to undertaking the legal education in question. In 1955 petitioner commenced the legal education in question upon the advice of his father, the senior partner in the firm employing petitioner, that the study of the law would assist petitioner in the practice of public accountancy. His legal studies terminated on February 22, 1961, when petitioner was awarded a bachelor of laws degree. Most of the courses taken by petitioner in law school proved to be helpful to him in his practice of accounting. Some of the courses which he took were not related to his practice of accounting, but most of these were required studies and could not be avoided inasmuch as the George Washington University School of Law did not admit students who were not candidates for degrees. Although petitioner performed substantially the same duties prior to and after completion of his legal education, his practice of accounting, as the practice of accounting in general, became increasingly more complex. Petitioner's legal education better enabled *297 him to perform his duties, and it was therefore "appropriate and helpful" to his practice of public accounting. See Cosimo A. Carlucci, 37 T.C. 695, 699; Rev. Rul. 60-97, 1960-1 C.B. 69, 70. Respondent relies on Arnold Namrow, 33 T.C. 419, affd., 288 F. 2d 648, certiorari denied 368 U.S. 914; Sandt v. Commissioner and Hines v. Commissioner, 303 F. 2d 111, affirming Memorandum Opinions of this Court; Joseph T. Booth III, 35 T.C. 1144. Respondent argues on the basis of these cases that by going to law school petitioner acquired a new skill or specialty and did not improve or sharpen a skill already possessed. In Arnold Namrow, supra, the taxpayers were psychiatrists who incurred educational expenses at psychoanalytic institutes "in order to fit themselves to engage in the practice of the specialty." In the Sandt and Hines cases the taxpayers were research chemists employed by E. I. duPont de Nemours & Company. They accepted positions in the company as patent chemists upon agreeing to obtain a legal education. Upon completion of their legal education and passing the bar examination, *298 the taxpayers were promoted to patent attorneys in the company and earned substantially more than as research chemists. In Joseph T. Booth III, supra, the taxpayer was a lawyer and undertook a course of study leading to a master of laws degree in taxation primarily for the purpose of becoming a partner in a law firm. In each of the cases cited in the preceding paragraph the claimed deductions for expenses of education were disallowed. In each of these cases it was held that where a course of education was undertaken primarily to obtain a higher position or to qualify for a new position or occupation the expenses incurred are not deductible. The facts in the instant case make it distinguishable from these cases. In the instant case petitioner's duties with the firm did not change after he completed his legal education. Other than writing a personal letter of complaint on one occasion on stationery identifying him as an attorney, petitioner did not hold himself out to be an attorney, and he never engaged in the practice of law. Whenever a legal problem arose in the course of petitioner's work, the client was advised to take the matter up with his own attorney. It was against *299 the policy of petitioner's firm to conduct any legal business, and petitioner adhered to that policy.petitioner is a member of the District of Columbia and American Institutes of Certified Public Accountants, he carried a card identifying himself as a certified public accountant, and he was listed in the telephone directory as a certified public accountant. Petitioner has been satisfied with his earnings as a certified public accountant and he never has had the intention of leaving the practice of public accounting. The facts that petitioner passed the bar examination and was admitted to practice before this Court and others, because it seemed to him the appropriate thing to do, are in our opinion incidental to and not inconsistent with petitioner's primary purpose of maintaining or improving his skills in his profession. See Commissioner v. Johnson, 313 F. 2d 668, affirming a Memorandum Opinion of this Court; Cosimo A. Carlucci, supra; and Robert S. Green, 28 T.C. 1154. Petitioner never joined any bar associations and he did not consider himself to have acquired a new profession because he did not intend to and never has engaged in the practice *300 of law. In the case of Anthony E. Spitaleri, 32 T.C. 988, upon which respondent also relies, it was held, without discussion, that expenses incurred by an accountant in obtaining a law degree were not deductible because the taxpayer in that case failed to show that such education was "necessary for one who is already a practicing accountant" as the term "necessary" was used in section 23(a)(1) of the Internal Revenue Code of 1939. That case is not helpful in deciding the instant case. The only findings of evidentiary facts made in that case were that certain expenditures were made and a law degree was obtained. It did not consider the Commissioner's regulations under the 1954 Code. In providing that the cost of education undertaken for the purpose of maintaining and improving skills required of a taxpayer in his employment or other trade or business is deductible, the regulations now recognize that the term "necessary" includes expenditures which are "appropriate and helpful." See Cosimo A. Carlucci, supra, and Rev. Rul. 60-97, supra. We have found that the education undertaken by petitioner meets the criteria of deductibility as now prescribed *301 in the Commissioner's regulations. The facts in the instant case are more nearly like those in John S. Watson, 31 T.C. 1014. There, a practicing physician specializing in internal medicine voluntarily undertook training in the techniques of psychiatry primarily for the purpose of maintaining or improving his skills in his practice of internal medicine. He continued to practice as an internist following the completion of the training. The claimed deductions were allowed as education expenses incurred for the purpose of enabling the taxpayer to better carry on his own practice notwithstanding the fact that incidental to such education the taxpayer acquired a new specialty. The applicable regulations also provide that "[if] it is customary for other established members of the taxpayer's trade or business to undertake such education" then the taxpayer will be considered to have undertaken it for the purpose of maintaining or improving the skills required in his employment or other trade or business. Although petitioner was the only accountant in his firm who obtained a law degree, in the Washington, D.C. area many certified public accounting firms, both large and small, *302 dealing with the more complex matters of the business community have on their staffs at least one man who has a background of law. It has also been shown that during the last 9 years preceding the date of trial herein four of the nine presidents of the District of Columbia Institute of Certified Public Accountants have bachelor of laws degrees and are members of the bar, and three of its thirteen present officers and members of the board of governors have bachelor of laws degrees and are members of the bar. While it was not customary for certified public accountants to study law, the record does show that it was not unusual for certified public accountants to undertake a legal education. Accordingly, no inference arises that the educational expenses are not deductible because they are not customarily incurred. See Welsh v. United States, 210F. Supp. 597, 599, on appeal (C.A. 6, March 22, 1963). The record in this case amply establishes that petitioner incurred expenses for education primarily for the purpose of maintaining and improving his skills in his employment or other trade or business, and that the education in fact accomplished that purpose. Petitioner is entitled to deductions *303 in the amounts of $284.43 and $422.76 in the years 1957 and 1958, respectively, pursuant to section 162 of the Internal Revenue Code of 1954 and the regulations thereunder. Decision will be entered under Rule 50. Footnotes
1. The parties stipulated that petitioner was awarded an LL.B degree on September 22, 1961. A certified copy of petitioner's transcript of record from the law school, however, indicates that the LL.B. degree was awarded to petitioner on February 22, 1961.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *. ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩