Charles W. Berry and Iris B. Berry v. Commissioner.
Berry v. Commissioner
Docket No. 6072-70 "SC"
United States Tax Court
T.C. Memo 1971-110; 1971 Tax Ct. Memo LEXIS 228; 30 T.C.M. (CCH) 465; T.C.M. (RIA) 71110; May 17, 1971, Filed. Charles W. Berry, pro se, 1671 Drayton Woods Dr., Tucker, Ga. Thurmond E. Shaw, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $384.10. The only issue for decision is whether the amount expended in 1967 by Charles W. Berry, a certified public accountant, in attending law school is deductible as an ordinary and necessary business expense. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who at the time their petition in this case was filed were residents of Tucker, Georgia, filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue, Atlanta, Georgia. *229 Charles W. Berry (hereinafter referred to as petitioner) had been engaged in 1966 in accounting work for about 19 years. He was graduated from the University of San Francisco with an accounting major. In the early 1960's he took the examination to become a certified public accountant (CPA) and qualified as a CPA. At the time of the trial of this case he had been practicing accounting for approximately 23 years, the last 8 or 9 years as a CPA. During most of the time he practiced accounting over 80 percent of his work was in connection with Federal and State taxes. In September 1966 petitioner entered law school at Emory University and attended night classes while he worked during the day. When he entered Emory Law School, petitioner was informed by the Dean of the law school that to be admitted he was required to enter a degree program. At that time petitioner did not intend to continue in law school until he received his law degree. Petitioner intended to take all the courses in tax law offered at Emory Law School. After petitioner had taken his first course in tax law the professor who taught these courses at Emory became ill and by the time Emory brought in another professor *230 of tax law and petitioner had been able to complete the tax courses he planned to take he had completed the required work for the JD degree. Petitioner received his JD degree in June 1970. In June 1970 he took and passed the Georgia Bar examination but has never engaged in the practice of law. During the years 1961 through 1970 petitioner was employed as an accountant in the following positions for the period of time indicated: February 1962 to December 1964 - Internal Revenue Service as an internal revenue agent December 1964 to January 1966 - Ring, Mahony, CPA's January 1966 to April 1966 - Lockheed-Georgia Corporation 466 April 1966 to February 1967 - Peat, Marwick & Mitchell, CPA's
February 1967 to February 1968 - Internal Revenue Service as an internal revenue agent February 1968 to June 1968 - A.M. Pullen, CPA July 1968 to December 31, 1970 - Ray Patrick, CPA Since the end of 1970 petitioner has been engaged in the private practice of accounting. In none of the positions petitioner held was he required by his employer to attend law school. At the time petitioner entered Emory Law School and during the year 1967 petitioner was of the opinion that the courses *231 he took in law school would improve his skills as an accountant by enabling him to better recognize problems which should be referred to a lawyer when examining a client's records, to converse with lawyers respecting his client's problems, and to discuss his client's tax problems, as a private accountant with representatives of the Internal Revenue Service, and as a revenue agent with representatives of the taxpayer. He did not intend when he entered law school to practice law and has not practiced law or had any intentions to practice law at any time since he completed his law course. Although petitioner believed his accounting skills would be improved by studying law, he had no specific new position or advancement in position which he was seeking to obtain or contemplating obtaining by his study of law. Petitioner spent $1,438.65 for tuition and $97.75 for books and other necessary expenses for attending law school in 1967. Petitioners deducted the $1,536.40 so expended on their 1967 income tax return. Respondent in his notice of deficiency disallowed this claimed educational expense deduction with the explanation that "such education was primarily undertaken to qualify you in *232 a new trade or business or specialty, and in any event will qualify you for a new trade or business." Opinion Educational expenses have for a number of years been recognized to be properly deductible as ordinary and necessary business expenses under section 162, I.R.C. 1954, if they met the criteria set forth in respondent's regulations providing for such a deduction. See Ronald F. Weiszmann, 52 T.C. 1106, 1111 (1969), affirmed per curiam, 443 F. 2d 29 (C.A. 9, 1971), in which we specifically approved the regulations adopted in T.D. 6291, 1958-1 C.B. 63 and those adopted in T.D. 6918, 1967-1 C.B. 36, setting forth the criteria for deduction of educational expenses. Petitioner in this case elected to rely on the 1958 regulations as he was permitted to do for any year prior to 1968 by respondent's Rev. Rul. 68-191, 1968-1 C.B. 67. It is obvious from the facts we have found that the deduction claimed by petitioner would not be allowable under the 1967 regulations since petitioner's study of law would qualify him for the practice of law. Jeffry L. Weiler, 54 T.C. 398, 402 (1970). However, under *233 section 1.162-5(a) and (b), Income Tax Regs., in effect prior to the 1967 amendment of those regulations, [1] a subjective determination is required. *234 467 Under the regulations which petitioner has elected to have apply to his case, we must determine the primary purpose of petitioner's undertaking the education and this is an issue of fact. Welsh v. United States, 329 F. 2d 145 (C.A. 6, 1964), and Condit v. Commissioner, 329 F. 2d 153 (C.A. 6, 1964), affirming a memorandum opinion of this Court. The facts in this case show that the primary purpose of petitioner in undertaking the study of law was to improve his skill as an accountant. The facts also show that his primary purpose was not to obtain a new position or a substantial advancement in position. Under the regulations in effect prior to the 1967 amendment this Court and other courts have in a number of cases concluded that a taxpayer was entitled to deduct his expenses in attending law school even though he completed the course for a degree and became a member of the bar. In fact, Welsh v. United States, supra, approved the deduction of the expenses of an internal revenue agent in attending law school even though in fact upon completion of his law school work and admission to the bar he entered into the general practice of law. *235 The facts in the present case support more strongly petitioner's primary purpose of studying law being to improve his skills as an accountant than did the facts in Welsh v. United States, supra. In Campbell v. United States, 250 F. Supp. 941 (E. D. Penn., 1966), the Court pointed to a number of cases in which accountants had been allowed to deduct expenses of attending law school. That Court stated in this respect (250 F. Supp. at 944): Baum v. Commissioner, 23 T.C.M. 206 (1964), permitted an insurance adjuster to deduct his expenses incurred in attending law school at night. The Court found that the position of adjuster involved "frequent contact with legally oriented problems," that the taxpayer's motive was to maintain and improve his skills as a claims adjuster, and that he had no intention of leaving the insurance company to practice law. Charlton v. Commissioner, 23 T.C.M. 420 (1964) allowed a certified public accountant associated with his father's accounting firm to claim a deduction for his law school books and tuition. The court found that the position of accountant had many legal overtones and that *236 the taxpayer undertook studies to be in a better position to cope with accounting problems and to maintain and improve his skills in this regard. The more recent case of Kilgannon v. Commissioner, 24 T.C.M. 619 (1965), involving an accountant, is in accord. The tax court has also allowed a deduction for law school expenses to Estate and Gift Tax Examiners with the Internal Revenue Service. Fortney v. Campbell 64-1 USTC 9489 (1964); Schultz v. Commissioner [Dec. 26,940(M)], 23 T.C.M. 1372 (1964); Brennan v. Commissioner, 22 T.C.M. 1222 (1963). In each, the court held that the taxpayer went to law school to improve his proficiency as an Internal Revenue Examiner. * * * On the basis of all the facts in this record we conclude that petitioner has shown that under the criteria set forth in respondent's regulations prior to their amendment in 1967, he is entitled to the deduction he has claimed for educational expenses. Decision will be entered for petitioner. Footnotes
1. Sec. 1.162-5 (Income Tax Regs.). Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or * * * Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. * * * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩